**MAO JIA LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Department of Justice, Respondent.**

**No. 08–0630–ag.**

United States Court of Appeals, Second Circuit.

Aug. 4, 2008.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Mao Jia Lin, a native and citizen of the People's Republic of China, seeks review of a January 24, 2008 order of the BIA denying his motion for reconsideration of the denial of his motion to reopen his removal proceedings. *In re Maojia Lin,* No. A97 671 444 (B.I.A. Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao,* 265 F.3d at 90.

Lin argues that the BIA erred in relying on the IJ's adverse credibility determination and Lin's failure to authenticate the documents he submitted as grounds for rejecting his new evidence and denying his motion. However, this Court has expressly held that the BIA may properly consider an underlying adverse credibility determination in rejecting the au-

David J. Rodkin, Esq., New York, New York, for Petitioner.

Gregory G. Katsas, *Acting Assistant Attorney General, Civil Division,* Daniel E. Goldman, *Senior Litigation Counsel,* Andrew B. Insenga, *Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice,* Washington, D.C., for Respondent.

thenticity of a document submitted to it in the first instance. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–49 (2d Cir. 2007); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005) (finding that an IJ could not reject a birth certificate solely because it had not been authenticated pursuant to agency regulations).

■ Lin further argues that the BIA erred in giving police notices submitted by Lin little weight because they were inconsistent with other information in the record. Whether or not the BIA erred in finding this inconsistency, Lin has not demonstrated that he would be subject to the prison terms or fines referred to in the notices or in the other documents submitted. Accordingly, the BIA did not err in its ultimate conclusion that the documents were not material to Lin's claims. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006).

■ Lin further argues that the BIA relied excessively on statements in the 2004 Asylum Profile for China indicating that United States officials know of no confirmed case in which a person returned to China from the United States for illegal entry was subject to torture or other abuse. However, while this Court has cautioned against "excessive reliance" on reports issued by the U.S. Department of State, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), it has also found that such official publications are probative of an applicant's claims, *see Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, the BIA did not rely exclusively, or even primarily, on the Asylum Profile but rather cited to it to bolster the finding that Lin's new evidence was insufficient to establish his *prima facie* eligibility for CAT relief. *See Xiao Ji Chen,* 471 F.3d at 341–42 (finding that the agency properly relied on information contained in State Department country report, particularly in light of the IJ's finding that the petitioner was not credible).

Moreover, Lin failed to show a clear probability that someone in his particular alleged circumstances would be tortured. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Accordingly, the BIA did not exceed its allowable discretion in denying Lin's motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.